IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KATHRYN ANNE NEEDHAM | ) | Case No.   13-20181 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| KATHRYN ANNE NEEDHAM | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No.   13-2027 |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION | ) | |
| | ) | |
| Defendant. | ) | |

FILED

2:44 pm, 10/23/14

Tim J. Ellis
Clerk of Court

## OPINION ON COMPLAINT TO DISCHARGE CONSOLIDATED STUDENT LOANS

On October 1, 2014, this matter came before the court for an evidentiary hearing. Debtor/Plaintiff, Kathryn Anne Needham ("Needham") requests the court determine that her student loans are dischargeable under § 523(a)(8). At the conclusion of the hearing, the court took the matter under advisement. Having reviewed the record, testimony and other evidence, the parties' arguments, and applicable law, the court is prepared to rule.

**Jurisdiction**

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(b)(2)(I).[1]

---

[1] Unless otherwise noted, all further statutory references are to Title 11 of the United States Code.

**Exhibits - reserved rulings**

During the course of the evidentiary hearing the court reserved ruling on the admissibility of Exhibits: 5, 11, 12, 13, 14, 15, 18 and 22. Having reviewed the exhibits and objections, the court admits the exhibits into evidence.

**Facts**

Ms. Needham filed for chapter 7 bankruptcy protection on March 5, 2013. She received her discharge under §727 on August 19, 2013, discharging unsecured debt in the amount of approximately $133,259.00.

Ms. Needham has a Bachelor of Arts degree from the University of Northern Colorado in Communication and Mass Media. In 2009, she received a Master of Science in Organization Management and Information Technology Management from Regis University. To obtain this degree she incurred the student loan debt that is the subject of this adversary proceeding. The total amount of her student loan debt, as of August 15, 2014, was $84,675.22 with the fixed interest rate of 6.875 percent. Ms. Needham has not made any payments toward this debt.

Ms. Needham lives in Jackson, Wyoming with one dependant, an eleven year old son. She lived and worked in Colorado, moving to Jackson in 2004 to attend to her mother, who was failing. Since her mother passed, she continues to have a family relationship with her brother and her sister-in-law provides in-kind support by caring for her son when Needham works weekends.

Ms. Needham testified that she has had a few medical issue, including an injury to her back, but is fully healed.

Ms. Needham has been employed, full-time, at First American Title Insurance Company ("First American") for four years. Additionally, Needham works part-time for Barker-Ewing Whitewater ("Barker-Ewing"). Her annual income, as reflected on her federal tax returns, is:

| Year | Annual Income | Monthly Income |
|------|---------------|----------------|
| 2010 | $26,674.00    | $ 2,222.84     |
| 2011 | 29,140.00     | 2,428.34       |
| 2012 | 28,385.00     | 2,115.42       |
| 2013 | 29,225.00     | 2,435.42       |

Ms. Needham testified that she received a two percent (2%) wage increase in July, 2014 from First American Title. She estimates that her earnings in 2014 from Barker-Ewing will be $3,200.00.

The court's review of Needham's Schedule I, testimony and exhibits regarding her income reflect that she received an average net income in the amount of $1,930.00 per month from her employment at First American.[2] This does not include the $3,000.00 per year that Needham earns with her part-time employment.

The court compared Needham's expenses from three sources. First, Needham's Schedule J reflects her average monthly expenses to be the amount of $1,755.00. Secondly, Needham testified that her expenses included: rent ($950.00/month); insurance ($850.00 per year); car maintenance ($400.00 per year); hair cuts ($300.00 per year); telephone ($1,000.00 per year); food ($6,000.00 per year); and discretionary spending ($70.00 per month). The court's calculation of Needham's expenses, based upon her

---

[2] This average was calculated from the pay history of ten payrolls from April 25, 2014 to August 29, 2014, subtracting Needham's deductions and taxes from the earnings. Deductions appear to include insurance and payments to Needham's 401(k).

testimony, reflects that her monthly expenses are $1,732.00 per month. Third, Needham's responses to her interrogatories reflects her estimated monthly expenses total $1,624.00. Needham's other discretionary expenses include an enrollment fee in the amount of $500.00 for her son to attend the Jackson Hole Classical Academy for private schooling. The tuition for the school is an additional $50.00 per month. This private schooling is not required or necessary for the child's education.

Needham qualified for Income Based Repayment Plan options for her student loans. During 2013, her estimated monthly payment was calculated to be $70.38.

Needham testified, and the evidence presented, reflects that the cost of living in Jackson is approximately twenty-percent more than other communities in Wyoming.

## Discussion

The Bankruptcy Code provides that an education loan is not dischargeable in bankruptcy unless excepting the debt from discharge will impose an undue hardship on the debtor and debtor's dependents.[3] The Bankruptcy Code does not define "undue hardship."[4] The Tenth Circuit adopted the three-part Brunner test to determine whether debtor is experiencing an undue hardship providing for the discharge of student loans.[5] Under Brunner, the debtor must prove by a preponderance of the evidence that: (1) the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependant if forced to repay the loans; (2) additional

---

[3] § 523(a)(8).

[4] *Educational Credit Management Corporation v. Polleys*, 356 F. 3d 1302 (10th Cir. 2004).

[5] *id.*

circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and, (3) debtor has made good faith efforts to repay the loans.

The court determined Needham's disposable income by using its calculation of Needham's net monthly income, [$1,930.00], subtracting the greatest amount of expenses, [$1,755.00] and finding that she has $175.00 per month available to pay toward her student loans. This is without including the additional income from her part-time job with Barker-Ewing. As Needham has income available after the payment of her listed expenses, the court finds that she has not met her burden establishing that she cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependant if forced to repay the loans.

The court finds that Ms. Needham did not testify to additional circumstances that exist indicating that her minimal income is likely to persist for a significant portion of the student loan repayment period. The repayment period of her student loans is 10 years. Her income steadily increases each year. Although Ms. Needham testified that the cost of moving and the unfamiliarity of the aspects of moving has slowed and narrowed her efforts to find a job in her field, she has that option. Ms. Needham's testimony that jobs in her field have not be available in the Jackson area, does not persuade this court that this state of affairs is likely to persist for a significant portion of her 10-year repayment period. She admitted that she limited her employment search to Jackson, Salt Lake City and Fremont County, Wyoming as she prefers to stay in Jackson and that she has not looked for another job since April 2014.

Pursuant to the income-base repayment terms, Ms. Needham's required payment was zero until February 2013. At that time, based upon her income, the monthly payments were increased to approximately $70.00 per month. Ms. Needham testified that during the entire repayment term, she has not paid any payments toward her student loan debt. The court finds Needham failed to carry her burden that she made a good faith effort to pay her student loan debt.

In conclusion, the court finds that Ms. Needham has failed to carry her burden that an undue hardship exists for the discharge of her student loan debt.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bank. P. 9021.

DATED this 23 day of October, 2014.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Kathryn Needham
    Mark Klaassen